## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 10-48930 |
| Perfecto Fernandez and Ester Fernandez | Hon. Jack B. Schmetterer |
| Debtor | Chapter 13 |
| | |
| Perfecto Fernandez and Ester Fernandez | Adv No. 10 A 02686 |
| Plaintiff | Hon. Jack B. Schmetterer |
| v. | |
| Bank of America | |
| Defendant | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Bank of America, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 10 Fremont Ct., Des Plaines, IL 60016.

2. Bank of America is a lender and/or servicer of mortgages.

3. Plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on 10/30/2010 in the Northern District of Illinois, case number 10-48930.

4. This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6. Plaintiffs are the owners of real estate located at 10 Fremont Ct., Des Plaines, IL 60016 described as follows:

Common Address: 10 Fremont Ct., Des Plaines, IL 60015

Parcel ID #: 08-13-205-041-0000

7. The fair market value of the real estate is $264,000 pursuant to Exhibit A to the original adversary complaint.

8. A first mortgage lien is currently held by Citimortgage in the amount of $269,130.75 pursuant to the claim that Citimortgage filed in the underlying bankruptcy – claim number 6.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $269,130.75, exceeds the value of the above real estate, $264,000.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280

F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: _____
Jack B. Schmetterer

FEB 2 2 2011

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603